[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Petitioner's claims that his plea was not knowingly, intelligently and voluntarily made because he was misinformed by his counsel that he would receive a sentence substantially less than the promised cap of twenty years and he would serve it in a hospital.
The testimony in this hearing from the petitioner was that his counsel promised him a year in jail probably in a hospital.
Trial counsel testified that he advised the petitioner that his best estimate was eight years based on the petitioner's alleged fatal illness which however could not be shown by medical evidence.
Petitioner admits being told by the judge in the canvass that there would be a cap of twenty years or he would be allowed to withdraw his pleas and go to trial with an exposure of over eighty years. He further admits that he told the judge no other promises were made.
The canvass conducted was extremely thorough. It not only complied with Practice Book Section 711 but exceeded it. CT Page 862 If that canvass fails I doubt if any pleas can be accepted.
Trial counsel's testimony was credible — Petitioner's testimony was incredible. No one pleading to nine felonies and characterized as a major narcotics dealer could realistically expect a misdemeanor sentence. The sentencing judge reinforced this evaluation and his sentence of sixteen years is not inconsistent with defense counsel's most optimistic estimate of eight years.
Petitioner's claim is absurd and not supported by a fair preponderance of the evidence.
The petition for habeas corpus is denied and no other relief is appropriate.
DUNN, J.